## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christopher Cunningham,**
**Petitioner Below, Petitioner**

vs) **No. 12-1118** (Berkeley County 11-C-965)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Christopher Cunningham's appeal, filed by counsel Christopher J. Prezioso, arises from the Circuit Court of Berkeley County, wherein petitioner's petition for writ of habeas corpus was denied by order entered on August 24, 2012. Respondent David Ballard, Warden, by counsel Cheryl K. Saville, filed a response in support of the circuit court's decision, to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following petitioner's guilty plea to four felony counts of obtaining property in return for a worthless check, the trial court sentenced petitioner to serve four concurrent sentences of one to ten years in prison. Petitioner filed his petition for writ of habeas corpus in circuit court in August of 2012. Without holding an evidentiary hearing, the habeas court entered its sixteen-page order denying petitioner habeas corpus relief. This appeal followed.

On appeal, petitioner reasserts assignments of error that he raised in circuit court. Petitioner argues that the circuit court committed reversible error by denying his writ without an evidentiary hearing when (1) there was probable cause to believe that petitioner was entitled to relief, (2) petitioner received ineffective assistance of trial counsel, (3) petitioner may have suffered from issues of competency at the time he entered his guilty plea, and (4) petitioner's sentence violates the Eighth Amendment of the United States Constitution. Respondent contends that the circuit court committed no error in its decision. Respondent argues that the documents submitted alongside petitioner's petition for writ of habeas corpus in circuit court demonstrated no entitlement to relief on any ground. Respondent argues that, accordingly, an evidentiary hearing was not required. In his reply, petitioner stands upon his previous arguments made in his initial brief.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Our review of the record uncovers no error by the circuit court's decision to deny habeas corpus relief based on petitioner's arguments on appeal. The circuit court's order reflects its thorough findings of fact and conclusions of law concerning petitioner's arguments raised on appeal. The record on appeal reveals no support for any of petitioner's assignments of error. Having reviewed the circuit court's "Final Order Denying Petition for Writ of Habeas Corpus" entered on August 24, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 10, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

STATE ex rel. CHRISTOPHER C. CUNNINGHAM,
      Petitioner,

v.

      Case No. 11-C-965
      Division VIII, Judge Yoder

DAVID BALLARD, Warden,
Mount Olice Correction Complex,
      Respondent.

## FINAL ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter came before the Court this 24th day of August, 2012, pursuant to Petitioner Christopher C. Cunningham's Petition for Writ of Post-Conviction Habeas Corpus filed by his counsel, Christopher J. Prezioso, Esquire. The Court has examined and considered the Petition along with the Respondent's Answer and Motion to Dismiss filed by Assistant Prosecuting Attorney, Cheryl K. Saville, Esquire. Upon review of the papers and proceedings herein, review of the underlying criminal case, State v. Christopher C. Cunningham, Berkeley County Case Number 08-F-128, and review of the pertinent legal authorities, the Court denies the Petition.

## FINDINGS OF FACT

1. Pursuant to a plea agreement reached by the parties on or about October 2, 2008, the Petitioner waived indictment and was charged by way of information with four (4) felony counts of Worthless Checks. [State's Plea Offer, 10/29/08, Waiver of Indictment, 10/29/08, Information of Prosecuting Attorney, 10/8/08, State of West Virginia v. Christopher Cunningham, Case No. 08-F-128.]

2. On or about October 27, 2008, the Petitioner entered a guilty plea by information to the four (4) Worthless Check felonies. [Guilty Plea by Information, 10/29/08, Order of Conviction Upon Plea, 10/29/08.]

3. The Court conducted a plea dialogue with the Petitioner in taking his guilty plea. [Order of Conviction Upon Plea, 10/29/08.]

4. Based upon the Court's colloquy with the Petitioner, the Court found that the

Petitioner "understands the nature of the offenses, the consequences of the plea, that the decision to plead was made freely and voluntarily, and that there is a factual basis to support the entry of the plea." [Id.]

5.  The Court accepted the Petitioner's plea and adjudged him convicted of the four felony worthless check charges but reserved the right to reject the plea based upon the presentence investigation report. [Id.]

6.  Following a presentence investigation, the Court accepted the binding plea of the parties and sentenced the Petitioner to confinement in the penitentiary house of the State for the statutory period of not less than one (1) nor more than ten (10) years for each felony count, but ordered said sentences to run concurrently to one another for a total aggregate sentence of not less than one (1) nor more than ten (10) years of incarceration. [State's Plea Offer, 10/29/08, Sentencing Order, 12/16/08.]

7.  The Petitioner was also ordered to pay costs and restitution within one year of his release from incarceration. [State's Plea Offer, 10/29/08, Sentencing Order, 12/16/08.]

8.  The Petitioner never sought an appeal from his conviction or sentence. [Record, *passim*.]

9.  The Petitioner wrote a letter to the Court stating that he had written the Public Defender's Office for more information but that they were precluded from assisting him in his request for a modification of his sentence. [Defendant's Letter to Judge Requesting a Sentence Modification, 12/18/09.]

10. The Petitioner wrote a letter to the Clerk asking to be appointed a new attorney and to have his plea set aside. [Defendant's Letter to Clerk, 3/1/10.]

11. Based upon the Petitioner's letters, he was appointed counsel, Mr. Prezioso, to further represent his interests. [Hearing and Appointment Order, 3/2/10.]

12. The Petitioner, pro se, filed a Motion for Reduction of Sentence with the Court, which motion was denied. [Motion for Reduction of Sentence, 7/11/11, Order Denying Reconsideration, 8/2/11.]

13. The Petitioner, with counsel, filed his Petition for Writ of Habeas Corpus and accompanying Losh list. [Petition for Writ of Habeas Corpus, 11/14/11, Checklist for Grounds of Post-Conviction Habeas Corpus Relief, 11/14/11.]

14. The Respondent was ordered to file a response to said Petition for the Court's

consideration. [December 15, 2012, Scheduling Order, 1/20/12.]

15. The Respondent filed a Return to and Motion to Dismiss the Petition for Habeas Corpus relief along with an accompanying Memorandum. [Respondent's Return to and Motion to Dismiss Petition for Writ of Habeas Corpus, 3/2/12, Respondent's Memorandum in Support of Motion to Dismiss Petition for Habeas Corpus, 3/2/12.]

16. The Petitioner filed a Reply. [Reply to Petition for Writ of Habeas Corpus, 3/28/12.]

17. The Court originally scheduled a status hearing in the matter for April 11, 2011, following the reassignment of the case. [Agreed Order Setting Status Hearing, 3/28/12.]

18. The Court continued the matter generally in order to review the filings of the parties to decide whether or not a hearing would be required or summary dismissal of the matter would be granted pursuant to the mandates of **W. Va. Code** § 53-4A-7(a); **W. Va. Code** § 53-4A-3(a); Rule 4 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia; and Perdue v. Coiner, 156 W.Va. 467, 469-470, 194 S.E.2d 657, 659 (1979).

## CONCLUSIONS OF LAW

1. A habeas corpus procedure is "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." State ex rel. Harrison v. Coiner, 154 W.Va. 467, 176 S.E.2d 677 (1970); **W. Va. Code** § 53-4A-1(a).

2. A convicted criminal has the right to one omnibus post-conviction habeas proceeding. Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606, 609 (1981).

3. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed. Syl. Pt. 4, State ex rel. McMannis v. Mohn, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. den.*, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 9, State ex rel. Kitchen v. Painter, 226 W.Va. 278, 700 S.E.2d 489 (2010); Syl. Pt. 9, State ex rel. Azeez v. Mangum, 195 W. Va. 163, 465 S.E.2d 163 (1995); Syl. Pt., State ex rel. Phillips v. Legursky, 187 W. Va. 607, 420 S.E.2d 743 (1992).

4. "There is a strong presumption in favor of the regularity of court proceedings and the

burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." Syl. Pt. 2, State ex rel. Scott v. Boles, 150 W. Va. 453, 147 S.E.2d 486 (1966); State ex rel. Massey v. Boles, 149 W. Va. 292, 140 S.E.2d 608 (1965); Syl. Pt. 1, State ex rel. Ashworth v. Boles, 148 W. Va. 13, 132 S.E.2d 634 (1963).

5. Due to this strong presumption of regularity, statutory law requires that a petition for writ of habeas corpus ad subjiciendum shall "specifically set forth the contention or contentions and grounds in fact or law in support thereof upon which the petition is based[.]" **W. Va. Code** § 53-4A-2. The reviewing court shall refuse, by written order, to grant a writ of habeas corpus if the petition, along with the record from the proceeding resulting in the conviction and the record from any proceeding wherein the petitioner sought relief from the conviction show that the petitioner is entitled to no relief or that the contentions have been previously adjudicated or waived. **W. Va. Code** § 53-4A-3(a), -7(a); State ex rel. Markley v. Coleman, 215 W.Va. 729, 601 S.E.2d 49, 54 (2004); Perdue v. Coiner, 156 W.Va. 467, 469-470, 194 S.E.2d 657, 659 (1979).

6. In order to prevail on an issue previously adjudicated during the criminal proceeding, the petitioner must prove that the trial court's ruling is "clearly wrong". **W. Va. Code** § 53-4A-1(b).

7. Grounds not raised by a petitioner in his petition are waived. Losh v. McKenzie, 166 W. Va. 762, 277 S.E.2d 606, 612 (1981); *see also*: State ex rel. Farmer v. Trent, 206 W. Va. 231, 523 S.E.2d 547 (1999), at 550, n. 9.

8. Any ground that a habeas petitioner could have raised on direct appeal, but did not, is presumed waived. Syl. Pts. 1 & 2, Ford v. Coiner, 156 W. Va. 362, 196 S.E.2d 91 (1972).

9. The reviewing court has a mandatory statutory duty to enter an order denying the relief requested in a habeas petition if the record demonstrates that a habeas petitioner is entitled to no relief. **W. Va. Code** § 53-4A-7(a); *see also* **W. Va. Code** § 53-4A-3(a) and Perdue v. Coiner, 156 W.Va. 467, 469-470, 194 S.E.2d 657, 659 (1979). **W. Va. Code** § 53-4A-1, *et seq.*, "contemplates the exercise of discretion by the court", authorizing even the denial of a writ without hearing or the appointment of counsel. Perdue v. Coiner, *supra*.

10. When denying or granting relief in a habeas corpus proceeding, the court must make specific findings of fact and conclusions of law relating to each contention raised by the petitioner. State ex rel. Watson v. Hill, 200 W. Va. 201, 488 S.E.2d 476 (1997).

**Ineffective Assistance of Counsel**

11. The West Virginia Supreme Court of Appeals recently reiterated the standards necessary to prove ineffective assistance of counsel:

> "1. 'In West Virginia Courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.' Syl. Pt. 5, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).
>
> "2. 'In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.' Syl. Pt. 6, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).
>
> "3. 'Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.' Syl. Pt. 21, State v. Thomas, 157 W.Va. 640, 203 S.E.2d 445 (1974).
>
> "4. 'One who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, one must prove the allegation by a preponderance of the evidence.' Syl. Pt. 22, State v. Thomas, 157 W.Va. 640, 203 S.E.2d 445 (1974)."

Syl Pt. 1-4, State ex rel Kitchen v. Painter, 226 W.Va. 278, 700 S.E.2d 489 (2010).

12. The West Virginia Supreme Court has also held the following:

> "In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial."

Syl. Pt. 6, State ex rel. Vernatter v. Warden, 207 W.Va. 11, 528 S.E.2d 207 (1999).

13. Allegation that counsel coerced the Petitioner into taking the plea

The Petitioner first makes a blanket statement that he was unduly coerced by his counsel into accepting the plea agreement. Due to the strong presumption in favor of the regularity of court proceedings and the burden on the Petitioner to affirmatively show that any irregularity existed, statutory law requires the Petitioner to state allegations with specificity. The Petitioner fails to state how he was coerced or point to anything in the record showing an indication of coercion. In fact, the record clearly demonstrates that the Court was convinced and expressly found following the plea dialogue with the Petitioner that his decision to enter the plea was made freely and voluntarily. As such, this allegation of the Petitioner holds no weight. State ex rel. Scott v. Boles, *supra.,* **W. Va. Code** § 53-4A-2.

14. Allegation that Counsel should have obtained a better plea for the Petitioner

Next, the Petitioner states that counsel could have negotiated a more favorable plea. The Petitioner goes on to state that he felt that he could have pled to more favorable charges, that he could have been successful on an alternative sentence or that he could have participated in an approved program to repay his worthless checks. Looking objectively at the plea negotiated by the Petitioner and trial counsel, the Petitioner pled guilty to four felony worthless check counts, but all remaining outstanding worthless check charges pending in Berkeley County were dismissed. [State's Plea Offer, 10/29/08.] Additionally, the plea was binding to concurrency, which limited the Petitioner's exposure to what could have easily been a much more lengthy incarceration. [Id.] This is especially significant considering that the Petitioner has an extensive criminal history, which includes no less than nineteen (19) prior convictions for worthless checks, false pretenses or forgery and uttering. [Presentence Investigation Report, 12/7/08.] Also, at the time of many of those convictions, he was still on probation for prior convictions, and, at the time of the presentence investigation in the underlying case herein, he was pending revocation on a case in the Winchester Circuit Court in the Commonwealth of Virginia. [Id.] Considering all of those factors, counsel's performance in negotiating the plea agreed to by the Petitioner was clearly reasonable under an objective standard. Furthermore, there is no evidence of error at all presented by the

Petitioner, let alone evidence that the results of the proceedings would have been different but for the errors of counsel. Strickland v. Washington, *supra*; State v. Miller, *supra*.; State ex rel. Kitchen v. Painter, *supra*.

15. Allegation that Counsel failed to properly investigate the Petitioner's case

The Petitioner further states that his counsel failed to properly investigate his case. In making this allegation, the Petitioner simply points out several factual disputes he had with the State's evidence, such as he never admitted to signing the checks written to Dentler Brothers, he never gave a check to Tracy Lunsford, and that he was not at Orsini's store on the date he allegedly wrote a worthless check to said victim. These items are more akin to an argument regarding the sufficiency of the State's evidence. "A knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects." State v. Proctor, 227 W.Va. 352, 709 S.E.2d 549 (2011). *See also* State v. Legg, 207 W.Va. 686, 536 S.E.2d 110, 114 (2000). A sufficiency of evidence claim is not reviewable on a guilty plea. U.S. v. Mason, 15 Fed. Appx. 177 (C.A. 4, 2001). Because the Petitioner entered a knowing and voluntary plea of guilty, a sufficiency of evidence claim is not reviewable by this court. State v. Proctor, *supra*. Furthermore, it is worthy to note that the Court found a sufficient factual basis to accept the Petitioner's plea. [Order of Conviction Upon, 10/29/08.]

The only item that the Petitioner specifically attributes to something that his counsel failed to do is that counsel did not conduct an interview with victim Donald Smith. The Petitioner fails to allege how an independent interview of a victim who had already given a complaint to law enforcement would have affected his case in any way. Most importantly, the Petitioner fails to allege that he would not have accepted the plea agreement had counsel done an independent interview with Donald Smith. State ex rel. Vernatter v. Warden, *supra*. This matter was, after all, initiated by the Petitioner's waiver of indictment and information pursuant to the Petitioner's knowing and voluntary plea agreement.

16. Allegation that Counsel failed to object to several inaccuracies in the PSI

The Petitioner also alleges that trial counsel never objected to "several inaccuracies" contained in the Presentence Investigation Report, but he fails to state what information contained therein was inaccurate. Again, Habeas proceedings require specificity in pleadings, and the Petitioner fails to cite any supposed errors. State ex rel. Scott v. Boles, *supra.*, **W. Va. Code § 53-4A-2.**

17. <u>Allegation that Counsel failed to make a motion for reconsideration or file an appeal despite the Petitioner's desire to do so</u>

The Petitioner further states that he was "clearly dissatisfied with the plea and sentence he received" and counsel failed to make a motion for reconsideration of sentence or to file an appeal of the Petitioner's conviction. Both the Petitioner's conviction and his sentence were as a result of a plea agreement the Petitioner entered into with the State, which the Petitioner read and signed, acknowledging the fact that he consulted with his counsel about the plea, understood the plea, and accepted the plea as offered. [State's Plea Offer, 10/29/08.] Furthermore, following the plea dialogue with the Court, the Court expressly found that the Petitioner "understands the nature of the offenses, the consequences of the plea, that the decision to plead was made freely and voluntarily, and that there is a factual basis to support the entry of said plea." [Order of Conviction Upon Plea, 10/29/08.] The record shows no evidence that the Petitioner objected to his plea or his sentence until he made an inquiry of the Public Defender's office approximately nine (9) months after his sentencing date. [Record, *passim;* Letter from Public Defender's Office to Petitioner Referring September 29, 2009, Letter from the Petitioner to their Office, 12/18/09.]

18. <u>Allegation that Counsel failed to argue any mental defense on the Petitioner's behalf</u>

Finally, the Petitioner stated that counsel was ineffective for not arguing any mental defense to the charges of writing bad checks. The Petitioner states that the fact that he had a mental defense was "clearly evidenced by the presentence investigation report." It was noted in the presentence report that the Petitioner blamed the fact that he had written worthless checks on not having properly taken his medication for his bipolar disorder. There is no evidence in the record of an official diagnosis aside from the word of the Petitioner, and, even if there were, there is no evidence to suggest that having bipolar disorder caused or was even correlated with the Petitioner's writing of worthless checks for furniture, appliances and housing on accounts that the Petitioner knew were closed. The record further does not establish that the Petitioner has received any benefits on the basis of a mental disease or defect. In light of the number of charges, the amount of money involved in charges, and the circumstances surrounding those charges as well as the Petitioner's extensive criminal history of the same behavior, the Petitioner's own offered excuse that his actions in this case were

somehow as a result of bipolar disorder would not have been a reasonable ground for Petitioner's counsel to assert a defense of diminished capacity. Additionally, there has been no showing by the Petitioner that if counsel had attempted to assert a defense of diminished capacity that there is a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, *supra*; State v. Miller, *supra.*; State ex rel. Kitchen v. Painter, *supra*. And, once again, the record clearly reflects that the Court engaged the Petitioner in a plea colloquy and found the Petitioner to be well-informed and knowledgeable about his rights and his plea. [Order of Conviction Upon Plea, 10/29/08.]

19. The Petitioner is not entitled to relief on any claim of ineffective assistance of counsel.

**Competency**

20. The West Virginia Supreme Court has held that "the test for mental competency to stand trial and the test for mental competency to plead guilty are the same." Syl. Pt. 2, State v. Cheshire, 170 W.Va. 218, 292 S.E.2d 628 (1982)." Syl. Pt. 2, State ex rel. Kessick v. Bordenkircher, 170 W.Va. 331, 294 S.E.2d 134 (1982).

21. "To be competent to stand trial, a defendant must exhibit a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him. Syl. Pt. 1, State v. Cheshire, 170 W.Va. 218, 292 S.E.2d 628 (1982); Syl. Pt. 2, State v. Arnold, 159 W.Va. 158, 219 S.E.2d 922 (1975); Syl. Pt. 4, State ex rel. Williams v. Narrick, 164 W.Va. 632, 264 S.E.2d 851 (1980)."

Syl. Pt. 1, State ex rel. Kessick v. Bordenkircher, 170 W.Va. 331, 294 S.E.2d 134 (1982).

22. "A habeas petitioner may successfully challenge a guilty-plea conviction based upon an alleged violation of Rule 11 of the West Virginia Rules of Criminal Procedure only by establishing that the violation constituted a constitutional or jurisdictional error; or by showing that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty."

Syl. Pt. 10, State ex rel. Vernatter v. Warden, 207 W.Va. 11, 528 S.E.2d 207 (1999).

23. The Petitioner makes a blanket assertion that he suffers from "several mental and

physical disorders," but the Petitioner does not list those or provide any documented proof thereof. From there, the Petitioner makes a bald statement that because of those disorders, he clearly could not understand the plea or its consequences and did not have a rational or factual understanding of the proceeding against him. As previously discussed, Habeas proceedings require specificity in pleadings because of the presumption of regularity, and the burden is on the Petitioner to detail and provide proof of any alleged irregularity. State ex rel. Scott v. Boles, *supra*, **W. Va. Code** § 53-4A-2. The Petitioner fails to meet this burden.

24. Moreover, the Petitioner entered into a written plea agreement with the State acknowledging his understanding. [State's Plea Offer, 10/29/08.] The Petitioner executed a written waiver of indictment. [Waiver of Indictment, 10/29/08.] The Petitioner engaged in a plea colloquy with the Court wherein the Petitioner demonstrated to the Court's satisfaction that the Petitioner did have a rational and factual understanding of the proceedings against him and that he was knowingly, freely, and voluntarily entering a plea of guilty. [Order of Conviction Upon Plea, 10/29/08.] The Petitioner executed a written guilty plea. [Guilty Plea by Information, 10/29/08.] The Petitioner was given an opportunity to address the Court at sentencing. [Sentencing Order, 12/16/08.] The record reflects that the Petitioner did in fact exhibit an ability to consult with his lawyer as well as a rational and factual understanding of the proceedings. State ex rel. Kessick v. Bordenkircher, *supra*.

25. Additionally, the Petitioner fails to allege any violation of W.V.R.Crim.P. 11 of either a constitutional or jurisdictional nature, fails to show that any violation resulted in a miscarriage of justice or was inconsistent with the rudimentary demands of fair procedure, and fails to demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty. State ex rel. Vernatter v. Warden, *supra*.

26. The Petitioner does specifically state that, due to his partial hearing loss, the Petitioner was not able to hear at the plea hearing and was never given an assistive device for that purpose. The record does not reflect that the Petitioner ever requested a hearing aid of any kind or at any time stated that he could not hear the Court. Further, the Petitioner fails to explain how he had a coherent dialogue with the Court if he could not hear during the plea colloquy. In addition, as already discussed above, the Petitioner executed written documents evidencing his knowledge and understanding of the plea.

27. The Petitioner is not entitled to relief on a claim that his plea was not knowing and voluntary.

## Sentencing

28. The Petitioner was sentenced to the statutory term of not less than one (1) nor more than (10) years of incarceration on each of four (4) counts of the felony writing worthless checks. Those sentences were ordered to run concurrently for an aggregate of not less than (1) nor more than ten (10) years. The Petitioner wrote several thousands of dollars in checks to individuals and businesses on accounts he knew to be closed. During his commission of these offenses, he was on probation for similar offenses in another jurisdiction. Moreover, he had on more than a dozen of occasions been previously convicted of passing bad checks.

29. The West Virginia Supreme Court holds that "sentences imposed by the trial court, if within statutory limits and if not based on some impermissible factor, are not subject to appellate review." Syl. Pt. 7, State v. Layton, 189 W.Va. 470, S.E.2d 740 (1993); Syl. Pt. 4, State v. Goodnight, 169 W.Va. 366, 287 S.E.2d 504 (1982).

30. The Petitioner acknowledges in his written petition that he received the statutory sentences for the crimes of conviction, and he further fails to allege any impermissible factors considered by the trial court when imposing such sentences. As such, the Petitioner's sentence is not subject to review. Layton, *supra.*; Goodnight, *supra.*

31. The West Virginia Supreme Court stated in Syllabus Point 5 of State v. Cooper, 172 W.Va. 266, 304 S.E.2d 851 (1983):

> "Punishment may be constitutionally impermissible, although not cruel and unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense."

32. Furthermore, the Supreme Court sets forth in State v. Glover, 177 W.Va. 650, 658, 355 S.E.2d 631, 639 (1987) the applicable tests for disproportionate sentence consideration:

> "In State v. Cooper, 172 W.Va. 266, 304 S.E.2d 851 (1983), we set forth two tests to determine whether a sentence is disproportionate to the crime that it violates W.Va. Const. art. III §5. The first test 'is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so

offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further.' 172 W.Va. at 272, 304 S.E.2d at 857. Cooper then states the second test: If it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test spelled out in syllabus point 5 of Wanstreet v. Bordenkicher, 166 W.Va. 523, 276 S.E.2d 205 (1981):

> 'In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.'"

(Id.)

33. The West Virginia Supreme Court has also noted its reluctance to apply the proportionality principle inherent in the cruel and unusual punishment clause as an expression of due respect for and in substantial deference to legislative authority in determining the types and limits of punishments for crimes. State v. James, 227 W.Va. 407, 710 S.E.2d 98, 106 (2011).

34. Furthermore, **W.Va. Code** §61-11-21 provides that

> "when any person if convicted of two or more offenses, before the sentence is pronounced for either, the confinement to which he may be sentenced upon the second or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment."

This statute provides by default that sentences for separate crimes run consecutively unless the trial court chooses in its discretion to mandate otherwise, such that where an order makes no provision that two sentences shall run concurrently, under the provisions of W.Va. Code §61-11-21, they must run consecutively. See State ex rel. Cobbs v. Boles, 149 W.Va. 365, 368, 141 S.E.2d 59, 61 (1965). Based upon this statute, the West Virginia Supreme Court holds that "where a defendant has been convicted of two separate crimes, and the legislature has authorized a distinct punishment for each, the defendant has no constitutional right to serve less than the cumulative total." Miller v. Luff, 175 W.Va. 150, 153, 332 S.E.2d 111, 114 (1985).

35. Even in further examining the Petitioner's sentence, considering the felony charges, his criminal history, and the fact that the Court showed clemency in agreeing that the Petitioner's sentences should run concurrently, the sentence imposed herein does not "shock the conscience." State v. Cooper, *supra.*; State v. Glover, *supra*.

36. Additionally, objectively looking at the remaining factors guiding a proportionality challenge,, the crimes herein are felony property crimes involving more than one check to more than one victim for an amount totaling thousands of dollars. The State certainly has an interest in protecting its citizens from being taken advantage of by criminals and in protecting the community's businesses from taking significant losses in dealings with dishonest customers. The foundation of the economy depends upon members of society to be free in and willing to trade, barter, and sell. The Petitioner's perpetration of these crimes harms the economy and serves to lessen faith in honest dealing. Jurisdictions vary in their classification and punishment for worthless check property crimes depending upon the nature and amount involved. Furthermore, the West Virginia Supreme Court of Appeals has previously upheld a trial court's imposition of the maximum sentence of incarceration for the felony passing of worthless checks, especially in light of the Court's finding of prior convictions for the same. *See* State v. Hays, 185 W.Va. 664, 408 S.E.2d 614 (1991). Based upon the above analysis, the Petitioner's sentence is not disproportionate or excessive under the Constitution. State v. Cooper, *supra.*; State v. Glover, *supra.*; Wanstreet v. Bordenkicher, *supra*.

37. The Petitioner is entitled to no relief on the allegations that his sentence was severe or excessive.

**Pre-Sentence Investigation**

38. The Petitioner further alleges that the Presentence Investigation Report contains multiple inaccuracies and is written in an unduly prejudicial manner. However, the Petitioner fails to cite these "many inaccuracies." Again, Habeas proceedings require specificity in pleadings, and the Petitioner fails to cite these supposed errors. State ex rel. Scott v. Boles, *supra.*, **W. Va. Code** § 53-4A-2.

39. The one sentence that the Petitioner does cite as incorrect is that he was declared a habitual offender in Virginia in 1995 and that the Petitioner "has continued to verify that distinction." First, the State cannot find that statement contained anywhere in the presentence investigation report. However, the report does include in the Petitioner's criminal history that

the Petitioner was convicted in Winchester Circuit Court in Virginia for the offense of "Driving After Declared a Habitual Offender" in the year 2000, so it is apparent that he indeed was declared a habitual offender at some point prior to that conviction. The State has no indication as to where in the report it indicates that the Petitioner was so declared in 1995 or that the statement was made that the Petitioner "has continued to verify that distinction." Again, the allegation lacks sufficient specificity. Id.

40. Additionally, the Petitioner advised the Court at the time of sentencing that he had an opportunity to review the presentence report and had no inaccuracies to report. [Sentencing Order, 12/16/08.] The Petitioner failed to object to the presentence report and did not advance any such argument in a direct appeal. As such, any defect therein has been waived. Ford v. Coiner, supra.

41. Moreover, the Petitioner has failed to show prejudice considering the Petitioner was sentenced to the statutory term of incarceration for the offense of conviction, which is the exact sentence that the Petitioner agreed to pursuant to the binding plea agreement.

42. The Petitioner is not entitled to relief on the claim that the pre-sentence investigation report was inaccurate or overly prejudicial.

**Miscellaneous Unsupported Grounds**

43. The Petitioner offers no factual or legal basis whatsoever in support of any other allegation in his original Petition, or which is not initialed as waived on the Losh list. Specificity is required in habeas proceedings. **W.Va. Code** §53-4A-2. "'A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing.' Losh [v. McKenzie, supra]." SER Markley v. Coleman, supra. Moreover, upon his guilty plea, the Petitioner waived any non-jurisdictional defect in his criminal case. See State v. Legg, 207 W.Va. 686, 536 S.E.2d 110, 114 (2000); see also State v. Proctor, 227 W.Va. 352, 709 S.E.2d 549 (2011). "Claims[…], such as unlawfully or unconstitutionally obtained evidence or illegal detention generally will not survive a plea bargain." Id., 536 S.E.2d 110, 114 n. 7. A sufficiency of evidence claim is not reviewable on a guilty plea. U.S. v. Mason, 15 Fed. Appx. 177 (C.A. 4, 2001). The record is plain that the Petitioner is not entitled to any relief on any waived or unsupported ground alleged. **W.Va. Code** §53-4A-3(a), -7(a); Purdue v. Coinder, supra. As such, each of the following allegations are summarily denied:

### a. Indictment shows on its face that no offense was committed

The Petitioner fails to state any facts in support of this claim. In fact, the Petitioner was charged by information with the crimes herein. Furthermore, "a knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects." State v. Proctor, 227 W.Va. 352, 709 S.E.2d 549 (2011). *See also* State v. Legg, 207 W.Va. 686, 536 S.E.2d 110, 114 (2000).

### b. Consecutive sentences for the same transaction

The Petitioner fails to state any facts in support of this claim. In fact, the Petitioner's sentences were all run concurrently. Insofar as this is duplicative of the allegations of an excessive sentence, it is addressed and ruled on above

### c. Unfulfilled plea bargain

The Petitioner fails to state any facts in support of this claim. The Petitioner's signed plea agreement is contained in the court file and it appears that all portions of it have been executed as agreed.

### d. Question of actual guilt upon an acceptable guilty plea

The Petitioner fails to state any facts in support of this claim. Pursuant to a plea agreement reached by the parties, the Petitioner waived indictment and was charged by way of information with four (4) felony counts of Worthless Checks to which the Petitioner entered guilty pleas by information. The Court conducted a plea dialogue with the Petitioner in taking his guilty plea. [Order of Conviction Upon Plea, 10/29/08.] Based upon the Court's colloquy with the Petitioner, the Court found that the Petitioner "understands the nature of the offenses, the consequences of the plea, that the decision to plead was made freely and voluntarily, and that there is a factual basis to support the entry of the plea." As such, the record indicates that the Petitioner provided a factual recitation for the charge, which the Court found to be sufficient to meet the elements of the tendered plea.

44. The record is plain that the Petitioner is not entitled to any relief on his unwaived but unsupported grounds. **W. Va. Code § 53-4A-3(a), -7(a)**; Perdue v. Coiner, supra.

### Grounds Expressly Waived

45. The Petitioner expressly waived on his filed, signed and verified Losh list the

following grounds: 1-2, 4-5, 8-12, 15-18, 22-38, 40-48, 53. [Checklist of Grounds for post-Conviction Habeas Corpus Relief, 11/14/11.] Losh v. McKenzie, *supra*. The record is plain that the Petitioner is not entitled to any relief on the above expressly waived grounds. **W. Va. Code** § 53-4A-3(a), -7(a); Perdue v. Coiner, *supra*.

**ACCORDINGLY**, the Amended Petition for Writ of Habeas Corpus is **DENIED**.

The Clerk shall enter this Order as of the date first noted above and shall transmit attested copies to all counsel of record.

_____
Honorable Judge John C. Yoder
23rd Judicial Circuit Court

A TRUE COPY
ATTEST

Virginia M. Sine
Clerk Circuit Court
By:_____
Deputy Clerk

Order prepared by:

Cheryl K. Saville, Esq.
Assistant Prosecuting Attorney
State Bar No. 9362
380 W. South Street, Ste. 1100
Martinsburg, West Virginia 25401
304-264-1971